IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| EDWARD RAIFSNIDER | § | |
| VS. | § | CIVIL ACTION NO. 1:07cv959 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION

Petitioner Edward Raifsnider, an inmate confined at the Federal Correctional Complex at Beaumont, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Factual Background

In 2006, pursuant to a plea of guilty entered in the United States District Court for the Western District of Missouri, petitioner was convicted of unlawfully transporting firearms. He was sentenced to 180 months imprisonment. His appeal was dismissed by the United States Court of Appeals for the Eighth Circuit for lack of jurisdiction. *United States v. Raifsnider*, No. 06-2943 (8th Cir. October 30, 2006.

Petitioner subsequently filed a motion to vacate, set aside or correct sentence. The motion to vacate was denied by the trial court on February 12, 2007.

Ground for Review

Petitioner asserts 18 U.S.C. § 924(e)(2)(B)(ii), which was used to increase his sentence, is unconstitutional.

Analysis

Petitioner is not challenging the method in which his sentence is being executed.  Instead, petitioner is attacking his conviction and his sentence as it was imposed by the trial court. While a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 is the proper method for challenging the manner in which a sentence is being executed, *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992), a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 is normally the proper method for challenging a conviction or sentence itself. *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990) ("Section 2255 provides the primary means of collateral attack on a federal sentence.").  There is one exception to this general rule.  A prisoner may utilize Section 2241 as a vehicle for attacking a conviction or sentence if it appears the remedy afforded by Section 2255 "is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255.[1]

---

[1] The fifth paragraph of Section 2255 provides as follows:  (a) "An application for writ of habeas corpus in behalf of a prisoner who is authorized

As stated above, a prior motion to vacate, set aside or correct sentence filed by petitioner was denied.  Accordingly, petitioner is asserting Section 2255 is not adequate or effective to test the legality of his convictions and sentence because, as petitioner has had a prior motion to vacate denied, he is to some extent barred from filing additional motions to vacate pursuant to Section 2255.[2]  However, as a petition filed pursuant to Section 2241 may not be used merely as a substitute for a motion to vacate filed under Section 2255, the burden is on the petitioner to come forward with evidence to show the inadequacy or ineffectiveness of a motion filed under Section 2255.  *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

A motion to vacate filed pursuant to Section 2255 is not inadequate or ineffective to test the legality of a prisoner's detention merely because the prisoner is unable to meet the

---

to apply for relief by motion pursuant to this section shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

[2]  The Antiterrorism and Effective Death Penalty Act of 1996 amended Section 2255 to impose restrictions on second or successive motions to vacate. As amended, Section 2255 prohibits consideration of a second or successive motion to vacate unless it is certified by the appropriate federal court of appeals to be based on either:  (a) newly discovered evidence sufficient to establish by clear and convincing evidence that no reasonable factfinder could have found the petitioner guilty of the offense for which he was convicted or (b) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

stringent statutory requirements for bring a successive motion to vacate. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. May 3, 2000). However, the United States Court of Appeals for the Fifth Circuit has recognized one circumstance in which Section 2255 is inadequate to test the legality of a prisoner's detention. In *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001), the Fifth Circuit held Section 2255 was inadequate or ineffective with respect to a claim which: (a) is based on a retroactively applicable Supreme Court decision which establishes the petitioner may have been convicted of a nonexistent offense and (b) was foreclosed by established circuit law at the time when the claim should have been raised during the petitioner's trial, direct appeal or initial motion to vacate filed under Section 2255.

Petitioner's ground for review does not meet the test set forth in *Reyes-Requena*. His ground for review is not based on retroactively applicable Supreme Court decisions and does not demonstrate he was convicted of a nonexistent offense. Accordingly, petitioner has not demonstrated Section 2255 is inadequate to challenge his detention with respect to his ground for review. His ground for review therefore may not be asserted in a Section 2241 petition.

## Conclusion

For the reasons set forth above, this petition for writ of habeas corpus is without merit.  A final judgment shall be entered denying the petition.

**SIGNED** this the 9 day of **January, 2008.**

_____
Thad Heartfield
United States District Judge